We'll move to our next case this morning, which is U.S. v. Dowthard. Mr. Gaziano May it please the Court, I'm Paul Gaziano with the Federal Defender Program in Rockford, Illinois. I represent Albert Dowthard who is presently serving his penitentiary sentence at the McCreary Institution in Kentucky. This case raises several issues. The most interesting issue I suppose is what we call the rehab issue. Mr. Dowthard was originally charged with the violation of 18922G, which is in our older parlance possession of a firearm by a felon. And that has now changed with the rehab decision. The rehab decision, as the Court is well aware, changed the burden of proof and changed the elements that the government must charge and allege in a 922G offense. Candidly and frankly, Your Honor, we did not raise this issue before Judge Reinhart, the district court judge, because the issue hadn't been decided by the United States Supreme Court. Because of that failure to raise the issue, this decision regarding rehab and its applicability to Mr. Dowthard is subject to plain error. We must show that on plain error that there was an error and that the error was clear. What's quite obvious is that there was an error. Now we can recognize, the Court can recognize that error while it's on appeal. In this case, it was on appeal when the rehab decision came down. The rehab decision says the government must prove that the accused knew that he was a member of the category that was prohibited from possessing a firearm. For plain error, you would also have to show that there's a reasonable probability that your client would not have pled guilty but for the error. Can you meet that burden on this record? Your Honor, I believe so. How can you establish that based on what's in the record? What's not in the record. What is in the record or what's before the Court? What's before the Court is, first of all, a failure to inform Mr. Dowthard of the charge. And that goes to the error. I'm not disputing that there was an error. I'm going to proceed a little bit. The record shows that there was an error. Substantial probability that the result would have been different. That is a burden that I bear. First of all, counsel never had an opportunity during the pendency of that case to discuss that issue with Mr. Dowthard. And if I can, when we used to do 922Gs before rehab, the government would generally have a certified copy of the conviction. And that would be enough to establish that the person was a felon. Or, better yet, the defense... Well, that's still enough to establish he was a felon. It's not enough necessarily to show he knew he was. That's right. But that would still establish he is a felon. And better yet, the defendant, Mr. Dowthard, could have stipulated under old chief to the existence of that conviction. Now, the burden is slightly different. Mr. Dowthard could have perhaps challenged methods of how the government intended to prove that knowledge. In its brief, the government says, well, he went to prison, so he knows it. Well, not before the district court have I had an opportunity to challenge through a motion in limine, for example, can you actually prove he was in prison. And you certainly, and you just said it, you said he could have done this. But the standard of plain error review is whether or not he can prove it by a reasonable probability that he would not have pled guilty but for the error. So I don't think a could have filed a motion, which may or may not have been successful, but I don't think a could have standard can establish your burden of reasonable probability. So what else is there that would help you establish your burden? Your Honor, I'd like to address, I think, a point. Mr. Dowthard, when this issue arose, had already pleaded, obviously, and had already been sentenced. We did not have an opportunity to file a motion, and indeed, the district court did not have jurisdiction to address a motion to withdraw a plea. Perhaps the questions that the court is asking could have been ferreted out. So are you suggesting this should go back to the district court for a factual finding? That could be one alternative, Your Honor. But you haven't even asserted on appeal that your client would not have pleaded guilty. Your Honor, by the fact... You have to at least assert that on appeal. That's not good enough. You have to assert at least that if we remanded for development of this issue that you would show that your client would not have pleaded guilty and therefore would have prevailed on a plea withdrawal motion. Or have presented a plea withdrawal motion. You don't present one that's futile if he doesn't want to withdraw his plea based on this issue. And he doesn't claim lack of knowledge of his status as a convicted felon, then this is an exercise in futility. And it's infinitesimally small chances that there was a violation of substantial rights here. Your Honor, I appreciate the court's statement. I can state to the court that Mr. Dowther was made aware of the rehab decision and asked me to present the issue. So you're asserting that your client claims lack of knowledge of his status as a felon. I'm asserting that he asked me to raise this issue on appeal. Does that mean that if he had known about it before he pled guilty, he would not have pled guilty? Again, I'd be in a matter of speculation, Your Honor, with regard to that issue. What he would have done and not done. I can only say that the matter was discussed. I had no vehicle. One could have thought of trying to supplement the record, but you can't supplement something that never happened in the district court. And that's the problem with these rehab decisions. It just wasn't presented to the district court in any way, shape, or form. That's why I'm here on plain air with Mr. Dowther's case. We at least need a representation that your client can show that he would not have pleaded guilty if he had known that the government would have to prove that he was aware that he was a convicted felon. With all that that entails on this record. And you're not even asserting that. That he wanted to put the government to the burden of proving his knowledge of his status as a convicted felon, knowing that that would mean putting in his six-year prison sentence before a jury. Well, candidly, two prison sentences, Your Honor. Even worse. Yes, I understand that. That's why you're not asserting it. He doesn't really want that opportunity. It's implausible at best. So it can't be a violation. This is plain error review. There has to be a violation of substantial rights that calls into question the very integrity of the proceedings. This is a farce. He doesn't want to withdraw his plea and have the government try him and put in the lengthy prison sentences that he has served. Your Honor, I can only say that when he was addressed with the rehab issue and explained the rehab decision, he indicated to me that he wanted to proceed with that issue. He's prepared to claim lack of knowledge. That he didn't know he was a felon. No, he admitted that he was a felon. It was whether the government could prove that he knew that he was a felon is the issue, or that he was a member of that category. That's very Jesuitical. Okay. He's admitted he was a felon. He admitted that he had a conviction of more than one year of possible imprisonment. He did that in the plea agreement. I understand that. But the issue is now different. How could the government have proved that? And even though people can say it's easy to prove that, he might have concepts of motions that can be presented to the court that might hinder that. You know, Your Honor. But again, assuming he could raise that motion and eliminate issue or something to raise with the court, the question comes back to you have to establish a reasonable probability that he would not have pled guilty. And as Judge Sykes pointed out, you haven't even asserted that in the briefs here. And maybe that's all you can say. That's basically all I can say. Okay. I'll take any other questions. Your time has long expired. Thank you. Thank you. Ms. Bonamici. Good morning. May it please the court. The defendant has not established that his substantial rights were affected by the error that's asserted here, nor could he. The defendant has not claimed, as you point out, Judge Sykes, that he would have not have pled guilty  He was convicted on multiple occasions of crimes punishable by more than a year. He actually received at least two of them, one for six years and one for four years. There's nothing, absolutely nothing in the record that demonstrates that his memory or his understanding of the fact of those convictions was in any way impaired. And moreover, the evidence against him was overwhelming on the substantive charge. And he could have no possible interest in putting before a jury the fact of his convictions and the sentences that he received. Ms. Bonamici, I know this issue came up last week as well. Have you thought further what the appropriate vehicle might be on these direct appeal cases for rehab if an issue were presented or if there were a question as to whether or not the defendant would have withdrawn his plea or would not have pled guilty in the first place? Are these appropriate in the appropriate circumstances for remand to the district court to make factual determinations? Yes, Your Honor, we have. The first instance, I would say that in cases like this one and the one that you're alluding to, where based on the record, it is clear that there's no realistic possibility that the defendant would have pled or would not have pled guilty had he known of the additional requirement, much less a realistic possibility that the defendant was actually permitted to plead guilty to a crime he did not commit. Where that's clear, we would say the court should affirm. In cases where there is something raised, where there's some reason in the record that demonstrates that there is a potential, there is the potential that the defendant was unaware of his convictions. And by that, and to be clear, unaware of the existence of his convictions, not necessarily unaware of the impact of those convictions, which is a separate question. But if there's something in the record that demonstrates that he may have been unaware of those convictions, then I believe that the court offered the possibility of a Palladino remand, Palladino-style remand in a case like this. Another possibility might be a motion in the district court under Federal Rule of Appellate Procedure 12.1. That would be something the defendant might be able to file seeking . . . And would the question be whether or not the defendant was unaware of his convictions or unaware that they were felonies? Because maybe there's evidence that he thought it was a misdemeanor. I would class that with unaware of his convictions. Unaware of his convictions punishable by a year or more in prison. How would that ever be the case in a felon in possession conviction? If the defendant has pleaded guilty to being a felon in possession, he's admitted that he's been convicted of a felony. And as I said to your opponent, it's like angels dancing on the head of a pin to distinguish between admitting that you've got a felony conviction, but not admitting that you don't know about your felony conviction. I agree that it's difficult to conceive of a case where that would be the case. So there will never be rehab relief on direct appeal in the case of a felon in possession conviction, or it would be an exceedingly rare case? I would go with the latter one, just because I can't conceive of a set of circumstances as I stand here. There might be cases involving immigration status, which was the fact pattern in rehab, and the particular provision of the statute that was at issue there. There may be other statuses where there are knowledge issues that are plausible, but not in the felon in possession context. I would agree with you that it would be, at a minimum, exceedingly unlikely. Certainly in this case, and the case that Judge St. Neve was alluding to, the facts that are in the record are so strong that they establish that there's no realistic possibility of an issue here. And in addition, they establish that even were the defendant to assert, make the assertion that he would not have pled guilty, that assertion would not be sufficiently plausible to warrant relief. So for those reasons, the government does request in this case that this court affirm, and Judge St. Neve, if another case arises where there's a different fact pattern, then the government does agree there may be some sort of way to address that. We haven't seen one of those cases yet, but when we do, I do think that there's something that can be done, potentially, to ensure that a defendant has not been permitted to plead guilty to a crime he didn't commit, which is what would be the case. I think that showing would have to be made in order to establish the right, even to take it back to the district court. For those reasons, the reasons stated in our brief, we ask that the court affirm. All right, thank you. Mr. Graziano, your time has expired. The case is taken under advisement.